UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ST. CLAIR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CVS PHARMACY, INC.,<br><br>　　　　　Defendant. | Case No.  16-cv-04911-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

　　　　Michael St. Clair has sued CVS Pharmacy under the Telephone Consumer Protection Act for sending automated calls to his cell phone about prescription refills, even after he requested that the calls stop.  Specifically, St. Clair alleges that he received automated calls from CVS, then called CVS, and asked "Kim" to have him removed from the calling list.  Kim said that she would try, but the calls continued at "an excessive and harassing rate."  CVS has filed a motion to dismiss, asserting that it is not liable as a matter of law because unwanted automated calls about prescription refills are subject to the "emergency purposes" exemption from TCPA liability.

　　　　As pertinent here, the TCPA prevents companies from making automated calls to people's cell phones unless the calls are made for "emergency purposes" or "with the prior express consent" of the recipient.  47 U.S.C. § 227(b)(1).  Because St. Clair alleges he did not consent to receive the calls (at least the calls that came in after he asked CVS to stop), the question is simply whether the emergency purposes exemption applies.  As a straightforward matter of statutory interpretation, it does not.  Continuing to call a customer (or former customer) about a prescription, when the customer has made clear that he does not want or need the calls,

does not fall within the definition of an "emergency" purpose.

Rather than focusing on the word "emergency," CVS focuses on regulatory language adopted by the Federal Communications Commission.  The FCC has defined "emergency purposes" as "calls made necessary in any situation affecting the health and safety of consumers."  47 C.F.R. § 64.1200(f)(4).  But this description is no more helpful to CVS.  When a customer (or former customer) has explicitly told a pharmacy that he does not want or need calls about a prescription, the continued calls can hardly be described as "necessary," much less involving a "situation" affecting the customer's health and safety.

The FCC has provided guidance on the scope of the "emergency purposes" exemption through examples of calls to which it would likely apply.  This also does not help CVS.  The FCC has explained that the exemption could apply to utility company calls regarding service outages and interruptions because "[s]ervice outages and interruptions in the supply of water, gas or electricity could in many instances pose significant risks to public health and safety, and the use of prerecorded message calls could speed the dissemination of information regarding service interruptions or other potentially hazardous conditions to the public."  Report and Order ¶ 51, *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8778 (1992).  Similarly, the FCC has concluded that messages "sent to consumers to alert them to emergency situations," including those sent under the Warning Alert and Response Network Act, are sent for "emergency purposes."  Report and Order ¶ 17, *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1837 (2012) ("2012 TCPA Order").  The FCC also excluded "calls or messages [from schools] relating to weather closures, incidents of threats and/or imminent danger to the school due to fire, dangerous persons, health risks (*e.g.*, toxic spills), and unexcused absences."  Declaratory Ruling ¶¶ 21-22, *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 31 FCC Rcd. 9054, 9062-63 (2016) ("2016 TCPA Order").  These examples are nothing like the situation presented in this case, namely, automated calls about prescriptions to people who have previously stated they do not wish to receive them.

Another strike against CVS's argument is that the FCC has addressed automated prescription reminders in a different context. In addition to the two statutory exemptions to TCPA liability ("emergency purposes" and "prior express consent"), Congress has given the FCC authority to create other exemptions for automated calls to cell phones. *See* 47 U.S.C. § 227(b)(2)(C) (allowing the FCC to exempt automated calls to cell phones that are "not charged to the called party, subject to such conditions as the Commission may prescribe as necessary in the interest of the privacy rights this section is intended to protect"). Pursuant to this authority, the FCC has created an exemption for certain automated calls from health care providers, so long as those calls satisfy a list of strict criteria. *See* Declaratory Ruling and Order ¶¶ 144-148, *In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8030-32 (2015) ("2015 TCPA Order"). Included among the types of calls subject to this exemption are "prescription notifications." *Id.* ¶ 146. If, as CVS argues, prescription notifications fell as a blanket matter within the statutory emergency purposes exemption, there would have been no need for the FCC to create this additional exemption.[1]

Nor do cases applying the TCPA to prescription-related calls support CVS's proposed interpretation of the emergency purposes exemption. CVS relies heavily on *Roberts v. Medco Health Solutions, Inc.*, No. 4:15 CV 1368 CDP, 2016 WL 3997071 (E.D. Mo. July 26, 2016). Assuming, for argument's sake only, that *Roberts* was correctly decided, it does not stand for the proposition that all prescription-related calls are categorically made for emergency purposes. It stands only for the proposition that five calls, after an analysis of the evidence relating particularly to those five calls, fell within the exemption at the summary judgment stage. *See also Kolinek v. Walgreen Co.*, No. 13 C 4806 (N.D. Ill. Aug. 11, 2014) (rejecting the argument that prescription-related calls categorically fall within the emergency purposes exemption).

---

[1] There is no dispute that, as alleged in the complaint, the calls CVS made to St. Clair do not fall within this separate exemption for calls from health care providers. Among the criteria established by the FCC for this exemption to apply are that calls be limited to three per week, that any automated message must offer recipients an easy means of opting out of future messages, and that the caller must honor opt-out requests immediately. 2015 TCPA Order ¶ 147.

Finally, the Ninth Circuit has instructed courts to take a common sense approach to TCPA liability.  *See Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).  CVS's argument stands for the proposition that pharmacies are totally immune from liability for making automated calls about prescriptions, no matter how often the calls are made and no matter how many times the customer asks for them to stop.  This defies common sense.  The motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: December 30, 2016

VINCE CHHABRIA
United States District Judge